Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK HOELCK, | Case No. |
| *Plaintiff*, | |
| v. | **COMPLAINT AND** |
| | **DEMAND FOR A JURY TRIAL** |
| OOSHIRTS, INC. d/b/a TEECHIP; and JOHN DOE, | |
| *Defendants*. | |

## COMPLAINT

Plaintiff Patrick Hoelck ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint against Defendants OoShirts, Inc. d/b/a TeeChip; and John Doe (collectively "Defendants") hereby asserts and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement and related claims brought against

Defendants for the unauthorized and infringing use of Plaintiff's copyrighted photographs.

2.     Plaintiff seeks damages and other relief related to Defendants' reckless and willful infringement of Plaintiff's copyrights in the original photographic works identified herein.

## PARTIES

3.     Plaintiff is a renowned professional photographer who makes his living by taking and licensing photographs.

4.     Upon information and belief, Defendant OoShirts, Inc. d/b/a TeeChip ("OoShirts") is a corporation registered in California.

5.     Upon information and belief, Defendant OoShirts owns and operates a website located at the URL www.teechip.com (hereinafter the "TeeChip Website"), through which it displays, promotes, and sells various clothing and other retail items.

6.     Upon information and belief, Defendant OoShirts also provides web hosting and storage services to third-party users, including Defendant John Doe, for purposes of promoting and selling such users' designed retail items.

7.     Upon information and belief, OoShirts also provides screen-printing, manufacturing, shipping, and other transactional services to its users, including Defendant John Doe, to facilitate the sale of retail products.

8.     Defendant John Doe is the currently known but unascertained OoShirts user associated with several unauthorized and infringing uses of Plaintiff's copyrighted photographs.

9.     Defendant John Doe operates a website located at the URL www.rapforest.com (hereinafter the "Rapforest Website") through which he/she displays, promotes, and sells various retail products.

10.    Upon information and belief, the Rapforest Website is hosted and maintained on

Defendant OoShirts' servers.

11.     Plaintiff currently lacks sufficient information to determine the residential and/or corporate status of Defendant John Doe, as that information remains in Defendant OoShirts' sole possession.

## JURISDICTION AND VENUE

12.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

13.     Venue is proper in this Court under 28 U.S.C. § 1400(a) because, upon information and belief, Defendants may be found in this District.

14.     This Court has personal jurisdiction over Defendants because, upon information and belief, they conduct substantial and ongoing business in the State of New York and in this District, by selling and promoting various products to residents of this District and by providing online services to third-party users in this District.

## FACTUAL ALLEGATIONS

15.     Plaintiff is the creator, author, and owner of the original photographic works attached as Exhibit 1, which depict the actor/director/musician popularly known as Ice Cube (hereinafter referred to as the "Photographs").

16.     In or around December 2017, Plaintiff discovered his Photographs being displayed without authorization on numerous retail products offered for sale on the Rapforest Website.

17.     Plaintiff, through counsel, promptly sent a cease and desist letter to the designated

copyright agent for Defendant OoShirts, believing it to be the host and/or service provider of the Rapforest Website.

18.     Although Defendant Ooshirts did subsequently remove some of the infringing content on the Rapforest Website, it denied having any further legal obligation or connection with that site, and refused to provide further information regarding the identity of Defendant John Doe or sales of the infringing products.

19.     In response to Plaintiff's inquiry, a representative and/or agent of Defendant OoShirts contended that the products available on the websites it hosts are entirely user-generated. However, the representative failed to acknowledge – as its own website does – that although the products may be designed by its users, Defendant OoShirts in fact prints, manufactures, and distributes such products through its own facilities and employees, and enjoys a percentage of any revenue obtained from such sales.

20.     Upon information and belief, Defendants displayed, manufactured, distributed, and sold multiple apparel items that prominently feature unauthorized copies and/or derivatives of Plaintiff's Photographs (the "Infringing Products").

21.     True and correct screen captures of the Infringing Products, as displayed on the Rapforest Website, are attached hereto as Exhibit 2.

22.     Defendant OoShirts also displayed, offered for sale, and sold the Infringing Products, in multiple shirt styles, on glassware and other products, on its TeeChip Website, and profited from such unauthorized use of Plaintiff's Photographs.

23.     The Infringing Products incorporate slavish copying of Plaintiff's Photographs and/or unauthorized derivatives that were created using a standard and readily available digital editing filter.

4

24.     In addition to displaying and offering for sale numerous Infringing Products, the homepage of the Rapforest Website prominently included a direct and unaltered copy of one of Plaintiff's Photographs (*see* Exhibit 2).

25.     Despite receiving express notice and a takedown demand, Defendants continue to display unauthorized copies of Plaintiff's Photographs to this day.

26.     Attached hereto as <u>Exhibit 3</u> is a true and correct copy of a screen capture of the TeeChip Website as it was displayed on January 2, 2018, demonstrating Defendant OoShirts' continued display of Infringing Products.

27.     Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a screen capture of the Rapforest Website as it was displayed on January 2, 2018, demonstrating Defendant John Doe's continued unauthorized display of Plaintiff's Photograph.

28.     Upon information and belief, Defendant OoShirts' business model and copyright policies contribute to rampant infringement on its own website and those of its users.  Even after an infringing product campaign is removed from its hosted website(s), OoShirts will not refund any related purchases or accept returns of infringing products.

29.     Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a screen capture of reviews by customers of TeeChip, demonstrating Defendant OoShirts' unwillingness to accept returns or issue refunds, and overall failure to cure rampant copyright infringement on the websites it hosts.

**<u>COUNT I</u>**
**COPYRIGHT INFRINGEMENT**
**(DIRECT, VICARIOUS, and/or CONTRIBUTORY)**

30.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully

herein.

31.    Plaintiff is the author and registered copyright owner of the Photographs.

32.    Defendants copied, reproduced, printed, displayed, offered for sale, and sold products that featured unlicensed and unauthorized copies of Plaintiff's Photographs.

33.    Defendants' infringements were willful, intentional, and/or reckless.

34.    By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted works, Defendants infringed Plaintiff's copyrights in the Photographs and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

35.    Defendants continued to infringe Plaintiff's Photographs even after receiving express notice and a takedown demand from Plaintiff's counsel.

36.    Defendant OoShirts materially contributed to, facilitated, or otherwise induced the directly infringing acts carried out by Defendant John Doe, including by manufacturing and printing the Infringing Products and by failing to adequately cure the infringement after receiving Plaintiff's cease and desist letter.

37.    Upon information and belief, Defendants profited from the unauthorized and illegal use of Plaintiff's Photographs through the sale and display of the Infringing Products.

38.    By hosting, manufacturing, and receiving a percentage of profits from the sale of the Infringing Products, Defendant OoShirts enjoyed a direct financial benefit from the infringement of Plaintiff's Photographs.

39.    By hosting and displaying unauthorized copies of Plaintiff's Photographs on both the TeeChip and Rapforest Websites, as well as directly manufacturing the Infringing Products, Defendant OoShirts had control and/or the ability to prevent the

40.    Defendant OoShirts also receives a direct financial benefit from the availability of

infringing products and lax copyright policies and procedures on the websites it hosts, including the Rapforest Website. Upon information and belief, the ability for users to display, sell, and profit off of infringing products acts as a draw to OoShirts' web platform.

41.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted works.

42.     Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1.     A trial by jury of all claims and issues so triable;

2.     A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3.     All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4.     Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and

any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating

this matter;

     5.     Any other relief authorized by law, including punitive and/or exemplary damages;

and

     6.     For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated January 3, 2018
New York, New York.

                          Respectfully submitted,

By:                         

                          Nate A. Kleinman
                          The McCulloch Law Firm, PLLC
                          501 Fifth Avenue, Suite 1809
                          New York, New York 10017
                          T: (212) 355-6050
                          F: (206) 219-6358
                          *Counsel for Plaintiffs*